IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OSVALDINA LIMA,

          Plaintiff,

   v.

WACHOVIA MORTGAGE CORPORATION, et al.,

          Defendants.

NO. C09-04798 TEH

ORDER GRANTING MOTION TO SET ASIDE DISMISSAL; DENYING MOTION FOR LEAVE TO FILE LATE FIRST AMENDED COMPLAINT; AND CONTINUING MOTION FOR ATTORNEYS' FEES

      This matter is before the Court on motions filed by Plaintiff Osvaldina Lima ("Lima") and Defendant Wachovia Mortgage FSB ("Wachovia"). Lima moves the Court to set aside dismissal pursuant to Federal Rule of Civil Procedure 60(b)(1), and to grant her leave to file a late first amended complaint. Wachovia moves for an award of attorneys' fees as the prevailing party. After carefully considering the parties' written arguments, the Court finds oral argument to be unnecessary and VACATES the hearing currently scheduled for March 29, 2010.

      For the reasons set forth below, Lima's motion to set aside dismissal is GRANTED, but her motion for leave to file an amended complaint is DENIED because the amended complaint could not withstand a motion to dismiss. The Court concludes that Wachovia's motion for attorneys' fees was premature and CONTINUES the hearing on the motion to Monday, May 3, 2010.

**BACKGROUND**

In 2005, Lima obtained a loan from World Savings Bank (now Wachovia), secured by a deed of trust on a four-plex apartment at 2540 26th Avenue in Oakland, California (the "property"). As Lima acquired the property while in Brazil, the loan documents were executed by Cynthia Roundtree through a power of attorney. Lima alleges that she had been promised loan terms far more favorable than those she ultimately received. The loan broker assured her an "interest rate of 5.8%" that "could go up to a rate cap of 3% more than the initial rates," as well as a "variable interest rate index [that] would be the 11th District cost of funds known as COFI." Proposed First Amended Complaint ("PFAC") (Doc. 25-1) ¶ 8. Without her knowledge, however, Lima "was actually assigned a loan that provided for a rate cap of 12.25%, nearly 7% above the initial rate, with payments to be calculated under a much less desirable index involving a net higher interest rate." *Id.* ¶ 9.

Lima eventually fell behind on her loan payments, and Wachovia declined to renegotiate the loan to lower the interest rate to the 8.8% cap she alleges had originally been promised. A notice of default on the deed of trust was recorded on June 18, 2009, and a trustee sale of the property set for October 13, 2009.

Lima filed her complaint on October 8, 2009, and sought a temporary restraining order to enjoin the October 13 trustee sale. The Court, citing the irreparable harm that would result if the trustee sale went ahead as scheduled, issued the temporary restraining order on October 8, and set a preliminary injunction hearing for October 22, which the parties stipulated to continue. Wachovia moved to dismiss the complaint, which the Court heard along with Lima's motion for preliminary injunction on December 14, 2009. Ruling from the bench, the Court dismissed the complaint with leave to amend within 45 days, and denied the preliminary injunction.

After the 45-day deadline had passed without the filing of an amended complaint, the Court issued an order dismissing this action with prejudice on February 3, 2010. The following day, Lima filed a motion to set aside dismissal pursuant to Federal Rule of Civil Procedure 60(b)(1). Lima's counsel, Paul McCarthy, declared that other work obligations –

2

including two federal habeas corpus petitions and a petition for review in the California Supreme Court – had prevented him from completing and filing the amended complaint by the deadline. Wachovia opposed the motion and moved for an award of attorneys' fees as the prevailing party.

**LEGAL STANDARD**

Rule 60(b)(1) provides that the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding" based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Lima's motion appears to be based on "excusable neglect," which encompasses "situations in which the failure to comply with a filing deadline is attributable to negligence" as well as "omissions caused by carelessness." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal citations omitted). The Supreme Court articulated a four-part for assessing excusable neglect in the bankruptcy context in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993), which the Ninth Circuit adopted for Rule 60(b)(1) in *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1996). "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 395).

A party may amend her complaint with leave of court at any time, and such leave should be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Four factors are considered in weighing the permissibility of amendment: "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended

3

complaint would also be subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "Thus, evaluating whether a proposed amendment is futile is guided by the same standard as a Rule 12(b)(6) motion to dismiss." *Redwood Christian Schs. v. County of Alameda*, No. C-01-4282 SC, 2007 U.S. Dist. LEXIS 8491, at *5 (N.D. Cal. Jan. 19, 2007) (citing *Miller*, 845 F.2d at 214). On motion to dismiss, "we take the complaint's allegations of fact as true and construe the complaint in the light most favorable to the plaintiff." *Shanks v. Dressel*, 540 F.3d 1082, 1084 n.1 (9th Cir. 2008). A claim should be dismissed where the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## DISCUSSION

### I.     Motion to Set Aside Dismissal

Lima's counsel, Paul McCarthy, contends that he failed to timely file a first amended complaint due to looming court deadlines in other matters. Although Lima's motion does not specify which basis for 60(b)(1) relief she invokes, the Court construes McCarthy's declaration as requesting relief for excusable neglect. Wachovia argues that the failure to follow court rules cannot be excusable neglect, and that Lima has asserted no valid grounds for Rule 60(b)(1) relief.

Three of the four *Pioneer* factors favor Lima. Wachovia faces no prejudice beyond the added burden of opposing Lima's 60(b)(1) motion, which was filed only one day after the action was dismissed, creating minimal delay and little impact on the proceedings. There is no evidence of bad faith. Only the reason for the delay – counsel's contention that other work obligations took priority over this Court's deadline – would militate against a finding of excusable neglect. However, the *Pioneer* factors represent an equitable test, and the scale

4

ultimately tips in favor of setting aside dismissal here. *See Bateman*, 231 F.3d at 1225 (ordering district court to grant Rule 60(b)(1) motion where the "reason for the delay is, admittedly, weak" but counsel's "errors resulted from negligence and carelessness, not from deviousness or willfulness").

Wachovia further argues that Lima's proposed amended complaint would be an exercise in futility, as it could not withstand a motion to dismiss. In the majority of circuits, a showing of a meritorious claim or defense is a precondition to 60(b)(1) relief. As the First Circuit has observed, "an additional sentry that guards the gateway to Rule 60(b) relief" is the "invariable rule" that "a litigant, as a precondition to relief under Rule 60(b), must give the trial court reason to believe that vacating the judgment will not be an empty exercise." *Local 59 v. Superline Transp. Co.*, 953 F.2d 17, 20 (1st Cir. 1992); *see also, e.g., Boyd v. Bulala*, 905 F.2d 764, 769 (4th Cir. 1990) ("[A] threshold condition for granting [60(b)] relief is that the movant demonstrate that granting that relief will not in the end have been a futile gesture."); *Lepkowski v. U.S. Dep't of Treasury*, 804 F.2d 1310, 1314 (D.C. Cir. 1986) ("[M]otions for relief under Rule 60(b) are not to be granted unless the movant can demonstrate a meritorious claim or defense.").

However, the Ninth Circuit has never explicitly allowed district courts to consider the merits on a Rule 60(b) motion, and in fact has suggested – in non-precedential opinions – that doing so would be improper. *Alonzo v. County of Riverside*, 263 Fed. App'x 619, 620 (9th Cir. 2008) (Farris, J., concurring) (joining the majority in reversing denial of Rule 60(b) relief "since the Ninth Circuit does not yet require consideration of the presence or absence of a meritorious claim or defense"); *Rodriguez v. Match.com*, 290 Fed. App'x 6, 7-8 (9th Cir. 2008) (observing that "the moving party under Rule 60(b)(1) is not required to present a meritorious claim or defense"). The merits of an action do not factor into the analysis the Ninth Circuit has adopted for Rule 60(b) motions. Since Lima has demonstrated that the equities weigh in her favor, her motion to set aside dismissal is GRANTED.

5

## II. Motion for Leave to File Late First Amended Complaint

In addition to her motion to set aside dismissal, Lima simultaneously moves the Court to grant her leave to file a late first amended complaint. Although the merits of Lima's proposed amended complaint could not be considered on her Rule 60(b)(1) motion, futility is an appropriate basis for denying leave to file an amended complaint. If it is apparent that the amended complaint could not withstand another motion to dismiss, the Court will deny leave to amend.

Lima's proposed amendment raises two causes of action, for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1635, 1640, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2603. Although the amended complaint reorganizes the original pleading to more clearly delineate the statutory bases for her claims, it does not reflect a material improvement. In determining whether the amendment would be futile, the Court will therefore address the arguments that Wachovia raised – and Lima opposed – on its original motion to dismiss.

### A. Claim 1: TILA

Lima's first claim is for violating TILA's finance charge disclosure requirements. TILA "has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980) (quoting 15 U.S.C. § 1601). The statute "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). Congress delegated the task of "elaborat[ing] and expand[ing] the legal framework governing commerce in credit" to the Federal Reserve Board, which "executed its responsibility by promulgating Regulation Z," codified at 12 C.F.R. Part 226. *Ford Motor*, 444 U.S. at 560. A loan disclosure violation under TILA triggers two potential remedies for a borrower: damages, 15 U.S.C. § 1640, and rescission, 15 U.S.C. § 1635.

6

1    Lima claims that the disclosures failed to meet the threshold of accuracy set by
2 Regulation Z.  The regulation requires the creditor to disclose the "finance charge, using that
3 term, and a brief description such as 'the dollar amount the credit will cost you.'"  12 C.F.R.
4 § 226.18(d).  In transactions "secured by real property or a dwelling," the disclosed finance
5 charge "shall be treated as accurate" if the disclosed amount "is understated by no more than
6 $ 100," or if it "is greater than the amount required to be disclosed."  *Id.*  Lima alleges that
7 the disclosed finance charge was $475,100.00, whereas the actual finance charge was
8 $478,713.92 – an understatement of more than $100 that violates section 226.18(d)(1).

9    The second violation concerns Lima's right of rescission.  For a credit transaction
10 involving a security interest "in a consumer's principal dwelling," TILA guarantees the
11 consumer the right to rescind "until midnight of the third business day following" the latest
12 of three events: consummation of the loan, delivery of notice of the right to rescind, or
13 delivery of "all material disclosures" (including the disclosure of finance charges).  12 C.F.R.
14 § 226.23(a).  If the material disclosures are not delivered, the right to rescission expires three
15 years after consummation.  *Id.*  The disclosed finance charge is only considered accurate if it
16 "is understated by no more than ½ of 1 percent of the face amount of the note or $100,
17 whichever is greater," or if it "is greater than the amount required to be disclosed."  *Id.* §
18 226.23(g)(1).  Lima contends that the disclosed finance charge fails this test, as well, as it
19 was understated by more than 0.5%.

20   Wachovia argues that Lima's claims are time-barred.  A "statute-of-limitations
21 defense may be raised in a motion to dismiss when the running of the statute is apparent from
22 the face of the complaint." *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987).  TILA
23 claims must be brought within one or three years, depending on the relief demanded.  An
24 action for *damages* under TILA must proceed "within one year from the date of the
25 occurrence of the violation."  15 U.S.C. § 1640(e).  For purposes of determining "when a
26 violation occurs so as to commence the one-year statutory period," the Ninth Circuit has held
27 that "the limitations period in Section 1640(e) runs from the date of consummation of the
28 transaction[.]" *King v. California*, 784 F.2d 910, 913, 915 (9th Cir. 1986).  The right to

7

1 *rescind* expires three years after consummation of the loan if the creditor fails to deliver the
2 notice or material disclosures required by TILA.  15 U.S.C. § 1635(f); 12 C.F.R.
3 § 226.23(a)(3).  The Complaint alleges that Lima "obtained [the] loan" on July 7, 2005.
4 PFAC ¶ 6.  Lima filed her Complaint on October 8, 2009, more than four years after the loan
5 was consummated.

### 1.      Section 1640(e)

Although the one-year statute of limitations under section 1640(e) would ordinarily bar a damages claim based on her 2005 loan, Lima presents two bases for allowing such a claim to proceed.  First, she claims that her lawsuit is not barred by the statute of limitations because section 1640 is asserted as a recoupment defense to the foreclosure of her property.  Second, she argues that the statute of limitations should be equitably tolled.

TILA expressly provides that the one-year statute of limitations will not "bar a person from asserting a [TILA] violation . . . as a matter of defense by recoupment or set-off" in an "action to collect the debt."  15 U.S.C. § 1640(e).  Recoupment is a "defense arising out of some feature of the transaction upon which the plaintiff's action is grounded."  *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 415 (1998).  Lima argues that this lawsuit is properly considered defensive for purposes of section 1640(e), as it was filed to prevent the trustee sale of her property.  Lima finds support for this proposition in the Fifth Circuit's conclusion in *Matter of Coxson* that a "TILA claim was raised defensively" – even though the debtors were the plaintiffs in that lawsuit – because they filed it in response to a foreclosure.  43 F.3d 189, 194 (5th Cir. 1995).  However, the Fifth Circuit has also held that when "the debtor hales the creditor into court, . . . the claim by the debtor is affirmative rather than defensive," and the time bar still applies.  *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 634 (5th Cir. 1986).  Here, it is the debtor (Lima) haling the creditor (Wachovia) into court.

As Wachovia notes, federal district courts in California have reached the conclusion opposite that of *Coxson*.  *See, e.g.*, *Ortiz v. Accredited Home Lenders, Inc.*, 639 F. Supp. 2d 1159, 1165 (S.D. Cal. 2009); *see also Crittenden v. HomEq Servicing*, No. CV F 09-0950

8

LJO DLB, 2009 U.S. Dist. LEXIS 95009, at *14 (E.D. Cal. Sept. 28, 2009) (following *Ortiz*); *Horton v. Cal. Credit Corp. Ret. Plan*, No. 09-cv-274 IEG NLS, 2009 U.S. Dist. LEXIS 71176, at *33-35 (S.D. Cal. Aug. 13, 2009) (same). Although section 1640(e) allows recoupment to be asserted defensively in an "action to collect the debt," "non-judicial foreclosures are not 'actions' as contemplated by TILA." *Ortiz*, 639 F. Supp. 2d at 1165 (observing that "§1640(e) itself defines an 'action' as a court proceeding"). Under California law, likewise, an "action" is judicial in nature. *Id.* (citing Cal. Code Civ. Proc. §§ 22, 726). The defendant in *Ortiz* had "done nothing to bring a review [of] its efforts to foreclose before this court"; rather, it engaged in an "*extra-judicial* exercise of a right of sale under a deed of trust" pursuant to section 2924 of the California Civil Code. *Id.* (emphasis in original). For those reasons, the *Ortiz* court did not consider plaintiff's lawsuit to be defensive, and concluded that the one-year statute of limitations barred the TILA claim.

This Court adopts the reasoning of *Ortiz* as persuasive, and declines to follow the Fifth Circuit's decision in *Coxson*. Although Wachovia's "choice of remedy under California law effectively denies Plaintiff[] the opportunity to assert a recoupment defense[, t]his result does not run afoul of TILA," particularly given that "TILA contemplates such restrictions by allowing recoupment only to the extent allowed under state law." *Ortiz*, 639 F. Supp. 2d at 1165 (citing § 1640(e)). Since Lima's lawsuit is not a defensive action, she cannot bypass the one-year statute of limitations by treating her claim as a recoupment defense.

Lima also asserts that the statute of limitations should be equitably tolled. "[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period [under section 1640(e)] until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). "Generally, the applicability of equitable tolling depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006). However,

9

a motion to dismiss based on the statute of limitations may be granted "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987). "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). "If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend [the] statute of limitations for filing suit until the plaintiff can gather what information he needs." *Id.*

There is no plausible basis for equitable tolling here. A reasonable plaintiff would have discovered the errors Lima alleges – which depended only upon an examination of the loan documents – within the limitations period. Lima had a reasonable opportunity to discover the alleged disclosure violations. Allowing amendment to assert this claim would therefore be futile.

### 2. Section 1635(f)

Equitable tolling is not available for rescission claims under TILA. Section 1635(f) is not a "statute of limitation," which operates "merely to bar the remedy for" enforcement of "the right which is the foundation for the claim." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 416 (1998). Rather, section 1635(f) "completely extinguishes the right of rescission at the end of the 3-year period" *Id.* at 412. The Ninth Circuit relied on the Supreme Court's decision in *Beach* to conclude that "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002). "A limitation period is not subject to equitable tolling if it is jurisdictional in nature." *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 500 (3rd Cir. 1998). As a section 1635 rescission claim cannot be equitably tolled – and the limitations period has already passed – the claim's assertion in Lima's amended complaint would be futile.

**B.     Claim 2: RESPA**

RESPA requires that certain disclosures be made "at or before settlement." 12 U.S.C. § 2603. Lima alleges in her second cause of action that no "Good Faith Estimate disclosure was provided" in violation of RESPA. PFAC ¶ 16. However, RESPA provides no express right of action under section 2603, and numerous courts have concluded that there is no implied right of action, either. "The structure of RESPA's various statutory provisions indicates that Congress did not intend to create a private right of action for disclosure violations under 12 U.S.C. § 2603." *Bloom v. Martin*, 865 F. Supp. 1377, 1384 (N.D. Cal. 1994) (basing conclusion on "Congress' decision to provide private remedies for violations of several sections of RESPA but not for" section 2603); *see also Sturm v. Peoples Trust & Sav. Bank*, 713 N.W.2d 1, 4 (Iowa 2006) (rejecting "claim that § 2603 provides a private cause of action for its violation"); *Morrison v. Brookstone Mortgage Co.*, 415 F. Supp. 2d 801, 806 (S.D. Ohio 2005). Since there is no private right of action for the violation alleged, Lima cannot state a claim, and allowing the amended complaint to be filed would be futile.

**III.    Motion for Attorneys' Fees**

Wachovia moves for an award of attorneys' fees as the prevailing party in this action. Lima, in opposing the motion, argues only that it was premature in light of Lima's pending motion to set aside dismissal. Lima does not address the merits of Wachovia's motion. The Court agrees that, since the pending Rule 60(b)(1) put into question Wachovia's status as the prevailing party, its motion for attorneys' fees was premature. The Court will therefore CONTINUE the motion for attorneys' fees, and Lima shall have the opportunity to address the merits of Wachovia's arguments by filing a new opposition.

**CONCLUSION**

Lima's motion to set aside dismissal is GRANTED, but her motion for leave to file the first amended complaint is DENIED because amendment would be futile. This action is

11

therefore DISMISSED WITH PREJUDICE. The Clerk shall enter judgment and close the file.

IT IS FURTHER ORDERED THAT Wachovia's motion for attorneys' fees is CONTINUED to **May 3, 2010, at 10:00 am**. Lima's opposition to the motion shall be filed no later than **April 12, 2010**, and Wachovia's reply by **April 19, 2010**.

**IT IS SO ORDERED.**

Dated: 3/25/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT